# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> v. <br> ROBERT HAL BRAME, <br>         Defendant. | 1:90-cr-00376-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Robert Hal Brame's ("Defendant") *pro se* Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [76] ("Rule 60 Motion") and Motion to Amend Defendant's Rule 60 Motion [77] ("Motion to Amend").

## I. BACKGROUND

On February 27, 1991, the grand jury returned a five count superseding indictment charging Defendant with two counts of Bank Robbery, in violation of 18 U.S.C. § 2113(a), one count of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d), one count of Use of a Firearm During and in Relation to a Violent Crime, in violation of 18 U.S.C. § 924(c), and one count of Being a Felon in Possession of Two Firearms, in violation of 18 U.S.C. § 922(g).

On August 12, 1991, Defendant pled guilty to the charges of Armed Bank Robbery (Count Three), Use of a Firearm During and in Relation to a Violent Crime (Count Four), and Being a Felon in Possession of Two Firearms (Count Five). ([32]).

On October 25, 1991, Defendant was sentenced to three hundred sixty (360) months imprisonment on Count Five, a concurrent three hundred (300) month sentence of imprisonment on Count Three, and a consecutive sixty (60) month sentence of imprisonment on Count Four. ([35]; [38]).

On November 18, 1993, the Eleventh Circuit Court of Appeals affirmed Defendant's conviction and sentence on direct appeal. ([40]).

On April 15, 2008,[1] Defendant filed a *pro se* Motion Under the Common Law of Audita Querala [42], which the District Court treated as a Motion to Vacate Sentence Under 28 U.S.C. § 2255 ("Section 2255 Motion"). On March 10, 2009, Defendant's Section 2255 Motion was denied as untimely. ([50]).

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks omitted) (quoting United States v. Glover 686 F.3d 1203, 1205 (11th Cir. 2012)), cert. denied, 135 S. Ct. 241 (2014). Absent evidence to the contrary, the Court assumes the motion was delivered to prison authorities on the day the prisoner signed it. Washington v. United States, 243 F.3d 1301, 1301 (11th Cir. 2001).

On May 15, 2012, Defendant filed his *pro se* Motion for Writ of Coram Nobis [52] and Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) [53] ("May 15th Motions"). On July 12, 2012, Defendant's May 15th Motions were denied. ([59]).

On April 7, 2017, Defendant filed his Rule 60 Motion and Motion to Amend. Defendant requests that the Court correct a "fundamentally unjust incarceration" by (i) vacating his conviction on Count Five and resentencing him on the remaining counts, and (ii) reducing his sentence pursuant to the Supreme Court's decision in Dean v. United States, No. 15-9260, slip op. (U.S. Apr. 3, 2017).

## II. DISCUSSION

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A movant under Rule 60(b)(6) of the Federal Rules of Civil Procedure "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief. . . . Even then, whether to grant the requested [Rule 60(b)] relief is . . . a matter for the district court's sound discretion." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014)

(internal citation omitted).  Rule 60 cannot be used to challenge a conviction or sentence in a criminal case.  United States v. Ford, No. 15-14762, 2017 WL 586459, at *1 (11th Cir. Feb. 14, 2017); see United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003); see also United States v. Whisby, 323 F. App'x 781, 782 (11th Cir. 2009) (Rule 60 "does not provide for relief from a judgment in a criminal case.").

Defendant is not entitled to relief under Rule 60 of the Federal Rules of Civil Procedure.  Defendant has not demonstrated, and the Court cannot find, any "extraordinary" circumstances that would require the modification or dismissal of any order in this case.  Defendant's request to vacate Count Five and be resentenced on the other counts, and to be resentenced more leniently pursuant to the Dean case, are not proper requests for relief under Rule 60.  To the extent Defendant challenges his conviction, sentence, or criminal judgment, he is barred from doing so.  Defendant's Motions are denied under Rule 60 of the Federal Rules of Civil Procedure.

If the Court were to treat Defendant's Motions as a request to vacate sentence under 28 U.S.C. § 2255, Defendant's Motions are still required to be denied for lack of jurisdiction.  Defendant contends that the Supreme Court's decision in Dean is a "substantive change in the interpretation of a federal criminal

statute, and thus[,] a substantive ne[w] rule of law." (Mot. to Amend at 2). A motion under Rule 60(b)(6) "contend[ing] that a subsequent change in substantive law is a 'reason justifying relief' . . . is in substance a successive habeas petition and should be treated accordingly." Gonzalez v. Crosby, 545 U.S. 524, 531 (citing with approval Dunlap v. Litscher, 301 F.3d 873, 876 (7th Cir. 2002), and Rodwell v. Pepe, 324 F.3d 66, 69 (1st Cir. 2003)). Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ." 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)).

The Court considered and denied Defendant's first Section 2255 Motion in 2009. Defendant has not sought approval from the Eleventh Circuit to file a "second or successive" Section 2255 Motion. The Court, therefore, lacks jurisdiction to consider Defendant's Motions without the Circuit's authorization. Defendant's Motions, construed as a request to vacate sentence pursuant to 28 U.S.C. § 2255, are denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Robert Hal Brame's *pro se* Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [76] and Motion to Amend Defendant's Rule 60 Motion [77] are **DENIED**.


**SO ORDERED** this 21st day of April, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE